# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. GREGORY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FRESNO COUNTY, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00524-LJO-SAB<br><br>ORDER GRANTING DEFENDANT DEPARTMENT OF JUSTICE'S MOTION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE PLAINTIFF'S MOTION FOR 0-DAY EXTENSION OF TIME<br><br>(ECF Nos. 10, 11) |

    On May 15, 2018, the Court filed an order granting Defendants Kim and Mossler's motion for an extension to time to respond to the complaint. (ECF No. 9.) Subsequently, Defendant State of California Department of Justice ("Defendant DOJ") filed a motion for an extension of time to respond to the complaint.[1] (ECF No. 10.) Defendant DOJ's counsel, who is also representing Defendants Kim and Mossler, incorporates the reasons asserted in Defendants Kim and Mossler's motion for an extension of time.

---

[1] It appears that Plaintiffs are stating in their opposition to Defendant DOJ's motion for extension of time that the document that they were sent from Defendant DOJ was labeled differently than what was filed. To the extent that Plaintiffs take issue with any differences between what they were emailed by Defendant DOJ's and what was filed by Defendant DOJ on the docket, Plaintiffs have also been served with the actual filings through CM/ECF. Defendant DOJ's motion for an extension of time clearly indicates that the request is being made by Defendant DOJ. Pursuant to Local Rule 135, a Notice of Electronic Filing is generated by CM/ECF at the time a document is filed with the system and this Notice constitutes automatic service of the document on all others who have consented to electronic service. Gina Gregory, counsel for Plaintiffs, has consented to electronic service.

1

On May 16, 2018, Plaintiffs filed an opposition to the motion.[2] (ECF No. 11.) While Defendants' counsel originally did not realize that Defendant DOJ had been served, Defendants' counsel realized this prior to the expiration of Defendant DOJ's time to file a responsive pleading to the complaint. Plaintiffs believe that since Defendant DOJ's motion for an extension of time was filed on May 15, 2018, at 2:24 p.m., it was made after the time to file a responsive pleading expired. Plaintiffs believe that Defendant DOJ had to serve a responsive pleading by May 15, 2018, at 1:59 p.m. However, Defendant DOJ had until midnight on May 15, 2018, to serve a responsive pleading.

Defendant DOJ had 21 days after being served with the summons and complaint to file its responsive pleading. See Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant DOJ was served on April 24, 2018. (ECF No. 7.) Therefore, twenty-one days after service of the summons and complaint was May 15, 2018.

As Federal Rule of Civil Procedure 6(a)(4) states:

> Unless a different time is set by a statute, local rule, or court order, the last day ends:
> (A) for electronic filing, at midnight in the court's time zone; and
> (B) for filing by other means, when the clerk's office is scheduled to close.

Fed. R. Civ. P. 6(a)(4).

Therefore, Defendant DOJ had until midnight in the court's time zone on May 15, 2018, to electronically file its responsive pleading. Thus, Defendant DOJ's motion for an extension of time to file a responsive pleading was filed prior to the expiration of the deadline to file a responsive pleading.

When a request is made before the original time expires, the court may, for good cause, extend the time. See Fed. R. Civ. P. 6(b)(1)(A). Defendant DOJ has shown good cause for an extension of time to file a responsive pleading.

The Court notes that while Plaintiffs indicate that they are interested in adjudicating the

---

[2] This filing was docketed as a motion for 0-Day extension of time to opposition to Defendant DOJ's motion for extension to respond to the complaint. However, the caption of the document correctly indicates that it is an opposition to Defendant DOJ's motion for extension to respond to the complaint. Plaintiffs' counsel is advised to make sure that she accurately dockets her filings.

matters in an efficient and cost-effective manner, their arguments contradict this position.  It is difficult to see how it is less efficient or costlier to have one motion to dismiss filed by multiple defendants instead of several motions to dismiss that would require separate responses and separate hearings.  The parties are advised that when the Court considers any motions for attorneys' fees, it will consider the parties' efforts at resolving matters in an efficient and cost-effective manner as well as any attempts to have an opposing party incur unnecessary additional expenses. In addition, the Court has spent considerable time advising what the rules state and their apparent application to basic and uncomplex facts, both in this order and past orders. Continued ignorance in the apparent application of the federal rules will result in the Court issuing a sua sponte order to show cause for sanctions against an offending party.

Good cause having been shown, IT IS HEREBY ORDERED that Defendant State of California Department of Justice's motion for an extension of time to respond to the complaint is granted and its responsive pleading is due on or before June 25, 2018.  The Clerk of the Court is directed to terminate Plaintiff's motion for 0-day extension of time to opposition to defendant DOJ's motion for extension to respond to the complaint (ECF No. 11) as it is not actually a motion.

IT IS SO ORDERED.

Dated:  **May 16, 2018**

_____
UNITED STATES MAGISTRATE JUDGE