# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. GREGORY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FRESNO COUNTY, et al.,<br><br>Defendants. | Case No. 1:18-cv-00524-LJO-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART; GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART STATE DEFENDANTS' MOTION TO DISMISS; AND STAYING ACTION<br><br>(ECF No. 21-22, 25, 50-57, 58, 59, 62, 66, 67, 69)<br><br>THIRTY-DAY DEADLINE |

On April 16, 2018, Plaintiffs Matthew G. Gregory, Danella J. Gregory, Gina D. Gregory, Matthew J. Gregory, Wounded Warriors Support Group ("WWSG"), and Central Coast Equine Rescue & Retirement ("CCERR") (collectively "Plaintiffs") filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Fresno County, Lisa Smittcamp, and Jeffrey Dupras (collectively "County Defendants"), and Xavier Becerra, Julianne Mossler, Elizabeth S. Kim, Tanya M. Ibanez, The Registry of Charitable Trusts ("RCT"), Kamala Harris, David Eller, Walter Garcia, and the Department of Justice ("DOJ") (collectively "State Defendants"). (ECF No. 1.)

On June 27, 2018, State Defendants filed a motion to dismiss and request for judicial notice. (ECF Nos. 21-22.) On June 29, 2018, the State Defendants' motion to dismiss was referred to the magistrate judge for the preparation of findings and recommendations. (ECF No. 23.) On July 3, 2018, County Defendants filed a motion to dismiss. (ECF No. 25.) On July 5, 2018, the County Defendants' motion to dismiss was referred to the magistrate judge for the preparation of findings and recommendations ("F&Rs"). (ECF No. 26.)

On September 6, 2018, the magistrate judge filed lengthy and thorough F&Rs recommending granting County Defendants' motion to dismiss and granting in part and denying in part the State Defendants' motion to dismiss. (ECF No. 62.) On October 4, 2018, after obtaining

1

an extension (ECF No. 65), Plaintiffs filed objections to the F&Rs. (ECF No. 66.) On October 18, 2018, the County Defendants and the State Defendants filed their response to Plaintiffs' objections. (ECF Nos. 67-68.) On October 19, 2018, the State Defendants filed an amended response to Plaintiffs' objections. (ECF No. 69.)

At the time the Complaint in this case was filed, certain of the Plaintiffs were defendants in a civil suit filed by California's Office of the Attorney General, entitled *People of the State of California v. WWSG et al.*, Alameda County Superior Court Case No. RG17856929 (the "State Action"). (*See* ECF No. 1 ¶ 29.) The State Action reached a jury verdict in early November 2018. (*See* ECF No. 70.) Because there is at least some overlap between the issues presented to the jury in the State Action and those in dispute here, the Court issued an Order to Show Cause ("OSC") directing the parties to articulate their respective positions as to which claims in this case may be barred by res judicata as a result of the State Action jury verdict. (*Id.*) The parties filed their responses to the OSC on November 30, 2019. (ECF Nos. 71-73.) Among other things, the parties agree that the judgment in the State Action is not yet final. Although it appears likely that many, but not all, of the claims in the Complaint may be barred by *res judicata* should the judgment in the State Action become final, the Court concludes it is appropriate to stay further action in this case until the procedural situation of the State Action settles. Nonetheless, the Court finds it appropriate to rule on most aspects of the pending motions.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court adopts the recommendations of the F&Rs in part.

As to the application of *Younger v. Harris*, 401 U.S. 37 (1971), the F&Rs analyzed *Younger* abstention prior to the jury verdict in the State Action. The F&Rs' recommendation to stay this action based on *Younger* was premised in large part on the fact that the Complaint in this case seeks an order requiring the State Defendants to return evidence that was relevant to the prosecution of the State Action. (See ECF No. 62 at 27-28.) It is unclear whether that rationale would apply with equal force now that the State Action is complete (even acknowledging the possibility that Plaintiffs may file an appeal from the judgment entered in the State Action).

Because, as discussed above, it is appropriate to stay this case for other reasons, the Court declines to adopt the F&Rs' recommendations regarding *Younger* abstention.

As to the County Defendants' motion to dismiss, the Court agrees with the F&Rs that this motion should be granted in its entirety. All claims against the County Defendants are based on Plaintiffs allegation that a letter sent by Defendant Dupras, dated May 21, 2015, was uploaded to the RCT database. (ECF No. 1 at ¶ 121.) The Court agrees with the F&Rs that there is no viable argument to support tolling or delayed triggering of the applicable two-year statute of limitations. (*See* ECF No. 62 at 86-87.) Because this action was initiated long after May 21, 2017, it is barred by the statute of limitations and amendment could not cure this defect. Alternatively, the Court also agrees with the F&Rs that Plaintiffs' have failed to state cognizable claims against Defendants Fresno County and Lisa Smittcamp because neither municipal liability or supervisory liability are pled, nor do there appear to be non-frivolous avenues available to plead such theories of liability. The F&Rs also identify additional issues with the substantive allegations against Defendant Dupras. See e.g., ECF No. 82 at 37-38 (articulating why the retaliation claim against Dupras fails to state a claim). Although, in the absence of other problems with the claims against Dupras, leave to amend might be warranted, because of the statute of limitations bar, leave to amend would be futile.

As to the State Defendants' motion to dismiss, the Court concludes the motion should be granted in part and denied in part as follows:

- As the F&Rs recommend, while the cause of action for injunctive relief is not barred by the Anti-Injunction Act, it is nonetheless appropriate to dismiss this claim without leave to amend because it is improper to maintain a separate cause of action for an injunction;
- As the F&Rs recommend, the claims for monetary damages against the Department of Justice and Registry of Charitable Trusts and State Defendants in their official capacities must be dismissed without leave to amend as barred by the Eleventh Amendment;
- For all the reasons set forth in the F&Rs (see ECF No. 62 at 34-40), the First

Amendment claims (freedom of speech, freedom of association, and retaliation) must be dismissed with leave to amend;

- Plaintiffs' claims alleging violations of the Fourth, Fifth, Sixth, and Ninth Amendments are meritless for the reasons set forth in the F&Rs and must be dismissed without leave to amend as they cannot be cured by amendment and Plaintiffs' repeated requests for this Court to change or extend well established law on these subjects are rejected;

- The Fourteenth Amendment due process claims against Defendant Eller based upon the failure to provide a hearing; and against Defendant Mossler for issuing penalties without notice may proceed if and when the stay in this case is lifted;

- The Court agrees with the F&Rs that any remaining Fourteenth Amendment claims against other defendants are insufficiently pled and must be dismissed with leave to amend;

- The Court agrees that the abuse of process claim brought pursuant to Section 1983 is insufficiently plead and must be dismissed with leave to amend;

- The Court agrees with the F&Rs' recommendations concerning application of prosecutorial immunity, which bars absolutely certain claims against certain defendants as set forth in the F&Rs;

- The F&Rs recommend application of qualified immunity to bar other claims. The Court agrees with the F&Rs that qualified immunity bars any claims based upon any defendant requesting ticket entries, as there is no clearly established law supporting such a claim. The F&Rs make additional recommendations as to the application of qualified immunity to other due process claims (e.g., claims regarding publications and communications). The Court declines to adopt these recommendations at this time because it is difficult to determine as a matter of law that there is no factual scenario under which any defendant's action might be deemed objectively unreasonable under clearly established law. However, because most if not all remaining claims to which qualified immunity might apply turn on factual issues presented to the jury in the State Action, the claims that may be subject to qualified immunity may be barred by *res*

*judicata* anyway. It is more efficient to wait and see whether the judgment in the State Action becomes final.

- The Court agrees with the F&Rs that Plaintiffs' state law privacy claim must be dismissed for failure to state a claim;
- As recommended (ECF No. 62 at 82), all state law claims accruing before August 20, 2017 must be dismissed without leave to amend; and
- Any remaining causes of action based on the May 2015 cease and desist letter must be dismissed with prejudice as barred by the statute of limitations.

## **CONCLUSION AND ORDER**

For the reasons set forth above:

(1) The County Defendants' motion to dismiss is GRANTED IN ITS ENTIRETY;

(2) The State Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART;

(3) This case is STAYED pending further developments in the State Action. Within sixty (60) days of the entry of this order, the parties shall file a joint report on the finality status of the State Action; and

(4) If the stay is lifted, Plaintiffs are automatically granted leave to file an amended complaint or notify the Court that they are willing to proceed on the cognizable claims within fourteen (14) days of the stay of this action being lifted. Any amended complaint shall not exceed **twenty-five (25) pages** in length. This page limit includes any exhibits incorporated by reference.

IT IS SO ORDERED.

Dated: __**December 12, 2018**__      _____/s/ Lawrence J. O'Neill_____
                                       UNITED STATES CHIEF DISTRICT JUDGE