# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. GREGORY, et al., | Case No. 1:18-cv-00524-LJO-SAB |
| Plaintiffs, | ORDER PROVIDING PARTIES WITH NOTICE OF ISSUES TO BE ADDRESSED AT MOTION TO DISMISS HEARING |
| v. | |
| FRESNO COUNTY, et al., | |
| Defendants. | |

On March 26, 2019, Matthew G. Gregory, Danella J. Gregory, Gina D. Gregory, Matthew J. Gregory, Wounded Warriors Support Group ("WWSG"), and Central Coast Equine Rescue & Retirement ("CCERR") (collectively "Plaintiffs") filed a first amended complaint against Julianne Mossler and David Eller (hereafter "Defendants"). (ECF No. 77.) On April 23, 2019, Defendants filed a motion to dismiss and request for judicial notice. (ECF Nos. 80, 81.) Plaintiffs filed an opposition and objections to the motion to dismiss on May 7, 2019. (ECF Nos. 82, 83.) On May 8, 2019, the matter was referred to the undersigned. (ECF No. 84.) On May 22, 2019, Defendants filed a reply to Plaintiff's opposition and objections. (ECF No. 86.) Currently a hearing on Defendants' motion to dismiss is set for May 29, 2019.

Upon review of the parties pleadings, the Court informs the parties that they shall be prepared to address the following issues at the May 29, 2019 hearing. Initially, for the purposes of clarifying the issues to be addressed at the hearing, Plaintiffs define the right at issue in this

action as their ability to solicit funds on behalf of the charity, but a deprivation that is an "indirect and incidental result of [a] Government's enforcement action[ ] does not amount to a deprivation of any interest in life, liberty, or property." Westwood v. City of Hermiston, 787 F.Supp.2d 1174, 1195 (D. Or. 2011), aff'd, 496 F. App'x 728 (9th Cir. 2012) (quoting O'Bannon v. Town Ct. Nursing Ctr., 447 U.S. 773, 787 (1980)).

Plaintiffs' property interest in this action is not the ability to solicit funds or to be reimbursed for their loans to WWSG. These are indirect and incidental results of the agency's denial and revocation of the raffle permit and charitable organization registration. The gravamen of Plaintiffs' complaint is that the RCT and DOJ determined that WWSG was conducting an illegal raffle and revoked their raffle permit and issued a cease and desist order. When Plaintiffs did not cease and desist the conduct their registration as a charitable organization was revoked, all allegedly without prior notice or an opportunity to be heard. Accordingly, Plaintiffs are advised that the protected interests to be addressed are the raffle permit and the charitable organization registration.

### A. Issue Preclusive Effect of Administrative Law Judge's Decision

Defendants move for the Court to apply issue preclusion to the administrative law judge's findings in this matter. Res judicata applies to administrative agency decision and " '[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose.' " B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1303 (2015) (citations omitted); Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991). In determining if issue preclusion applies to agency decisions, the court applies the relevant state-law test to determine if the decision meets the state's criteria necessary to give preclusive effect to the agency decision. Dias v. Elique, 436 F.3d 1125, 1128 (9th Cir. 2006). California recognizes the preclusive effect of administrative proceedings in a subsequent court action between the same parties. Murray v. Alaska Airlines, Inc., 50 Cal.4th 860, 879 (2010); Castillo v. City of Los Angeles, 92 Cal.App.4th 477, 481 (2001). However, California does "not give preclusive effect to judgments rendered in proceedings that fail to

comply with the minimum standards of due process." White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012) (quoting Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 328 (9th Cir.1995)).

For a prior administrative proceeding to receive issue preclusive effect, the administrative agency must "act[ ] in a judicial capacity and resolve[ ] disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." White, 671 F.3d at 927. In determining whether the agency is acting in a judicial capacity, California courts consider a number of factors, including whether:

> (1) the administrative hearing was conducted in a judicial-like adversary proceeding; (2) the proceeding required witnesses to testify under oath; (3) the agency determination involved the adjudicatory application of rules to a single set of facts; (4) the proceedings were conducted before an impartial hearing officer; (5) the parties had the right to subpoena witnesses and present documentary evidence; and (6) the administrative agency maintained a verbatim record of the proceedings.

Id. at 928 (quoting Imen v. Glassford, 247 Cal.Rptr. 514, 518 (1988)).

In their motion to dismiss, Defendants have not addressed the above factors. Further, it would appear that deciding whether the factors have been met would require the submission and consideration of evidence outside of the complaint. At the hearing, the parties shall be prepared to address whether these factors can properly be decided in a motion to dismiss.

**B.    Objections to Judicially Notice of Documents**

Relatedly, Defendants have sought judicial notice of certain documents, and Plaintiffs have raised the issue of whether the documents have been properly authenticated. Defendants argue that there is no requirement that documents submitted with a request for judicial notice must be certified copies, bear stamps or seals or contain proofs of service citing to Rule 201 of the Federal Rules of Evidence. The issue of whether the documents are properly authenticated is separate from whether the Court is able to take judicial notice of the documents.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Therefore, before evidence can be admitted the proponent must lay a foundation by evidence sufficient to find that item is what it is purported to

3

be. Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).

Here, defense counsel has included a declaration that the documents are true and correct copies. However, it is not enough to authenticate a document by attaching it to a declaration stating that it is a true and correct copy of what it is purported to be. Beyene, 854 F.2d at 1182. "The documents must be authenticated and attached to a declaration wherein the declarant is the "person through whom the exhibits could be admitted into evidence." Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007) (quoting Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1551 (9th Cir.1990)).

The issue of whether the Court can take judicial notice of a document is separate from whether the party has properly authenticated the documents for which judicial notice is requested. The parties shall be prepared to address the authenticity of the documents at the May 29, 2019 hearing.

### C. Whether California Law Has Established a Protected Interest in a Raffle Permit

"A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." Portman v. Cty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). The Constitution does not create substantive rights in property; property rights are defined by reference an independent source such as state law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Portman, 995 F.2d at 904.

In Roth, the Supreme Court explained, "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) "The mere fact a person has received a government benefit in the past, even for a considerable length of time, does not, without more, rise to the level of a legitimate claim of entitlement." Doran v. Houle, 721 F.2d 1182, 1186 (9th Cir. 1983); see also Gerhart v. Lake Cty., Mont., 637 F.3d 1013, 1021 (9th Cir. 2011) (past practice of granting a benefit is not sufficient to establish a legal entitlement to the

benefit).

The Ninth Circuit has held that "[w]hether an expectation of entitlement is sufficient to create a property interest will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the decisionmaker." Doyle v. City of Medford, 606 F.3d 667, 672–73 (9th Cir. 2010) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 370 (9th Cir.1990)). "[S]tate law creates a 'legitimate claim of entitlement' when it 'imposes significant limitations on the discretion of the decision maker.' " Gerhart, 637 F.3d at 1020 (quoting Braswell v. Shoreline Fire Dep't, 622 F.3d 1099, 1102 (9th Cir.2010)).

Based on the foregoing, the determination of whether the State of California has conferred a protected interest in a raffle permit is dependent on the language of the statute and the amount of discretion that the agency has to approve or deny the application. The parties shall be prepared to address whether California has created a property interest in a raffle permit that would be protected by the Fourteenth Amendment.

**C. Consideration of <u>Matthews</u> Test in Determining Process Due for Imposition of Penalties and Revocation of Charitable Organization Registration**

Defendants argue that Plaintiffs were not required to receive predeprivation notice and that the procedures provided were adequate to comply with the requirements of due process. The Ninth Circuit has stated that in considering the process due the Court is to consider the three-part balancing test identified in Mathews v. Eldridge, 424 U.S. 319 (1976). Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 983 (9th Cir. 1998).

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors. First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

Brewster, 149 F.3d at 983 (quoting Mathews, 424 U.S. at 335). This test is used in determining if a predeprivation hearing is required. Brewster, 149 F.3d at 983.

/ / /

/ / /

The parties shall be prepared to address the Matthews test and whether predeprivation notice was required to comport with due process prior to imposing monetary penalties and revoking Plaintiffs' charitable organization registration.

If the parties wish to provide supplemental authority to address these issues described above, they may file their supplemental authority by Tuesday, May 28, 2019 by 3:00 p.m.

IT IS SO ORDERED.

Dated: __**May 23, 2019**__

_____
UNITED STATES MAGISTRATE JUDGE